IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN CABLER, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-1494 |
| | § | |
| HENRIQUE PINGUELO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Dana and Stephen Cabler sued Henrique and Lisa Pinguelo in the 151st Judicial District Court of Harris County, Texas. The Cablers allege that the Pinguelos sold them a home without disclosing damage caused by a serious plumbing leak and unrepaired defects in the plumbing system. The Pinguelos, who are California citizens, removed on the basis that they are diverse from the Cablers — who are Texans — and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The Cablers have moved to remand. (Docket Entry No. 6). Because the record shows that the amount-in-controversy requirement is met, the motion is denied.

Consistent with Texas law, the Cablers did not plead a specific damages amount in their state-court petition. "When a case is removed and the complaint does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy requirement is met." *H & D Tire and Auto.-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 328 n.2 (5th Cir. 2000) (citation omitted). The Cablers assert claims for violations of the Texas Deceptive Trade Practices Act, negligence, negligent misrepresentation, fraud, breach of contract, intentional infliction of emotional distress, and breach of warranty. They seek damages

for the cost of repairing damage to property, the cost of future repairs, the diminished value of the property, their loss of use of the property, physical injuries, inconvenience, mental anguish, and loss of enjoyment of life. The Cablers also seek treble damages, exemplary damages, attorney's fees, and interest. In the Cablers' motion to remand, they stated that "the amount in controversy is less than $75,000, excluding interest, costs and attorneys' fees . . . [because] the cost of remediating the home was approximately $37,176, and Plaintiffs' other damages are less than $37,000." (Docket Entry No. 6, ¶ 20). The Cablers' statement that their damages in addition to the cost of repairing their home are less than $37,000 is contradicted by their request for three times the $37,176 cost of repairs. The Cablers also incorrectly excluded the attorney's fees they have requested from their amount-in-controversy estimate. "Attorney's fees are included in the computation of the jurisdictional amount . . . when they are expressly authorized under applicable state law." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (citing *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002)).

The Cablers' statement in their remand motion that their damages are less than the federal amount-in-controversy requirement for diversity cases falls short of the type of binding stipulation that would deprive this court of jurisdiction. The Fifth Circuit has held that "if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). "Plaintiffs may attempt to establish such 'legal certainty' by submitting a 'binding stipulation or affidavit' with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that

threshold." *Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010). The Cablers' statement that their damages do not satisfy the amount-in-controversy requirement was included in their remand motion. Such postremoval statements are not a sufficient basis for remand because "once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The Cablers' statement that "the amount in controversy is less than $75,000" fails to establish with "legal certainty" that they will not be able to recover more than the jurisdictional amount. The Cablers' statement on the damages amount is both too late and too tentative to support remand.

The Cables also argue that this court lacks diversity jurisdiction because the "[d]efendants alleged only the residence of the parties, and not their citizenship" as required under 28 U.S.C. § 1332(a). (Docket Entry No. 6, ¶ 21). The Pinguelos' notice of removal, however, states that "[c]omplete diversity of citizenship exists between the parties as the [p]laintiffs are citizens of Texas and [the d]efendants are citizens of California." (Docket Entry No. 1, ¶ 11). *Cf. Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (stating that a party could have "cured its defective allegations regarding citizenship by amending its notice of removal" to allege its citizenship).

For these reasons, the Cablers' motion to remand, (Docket Entry No. 6), is denied.

SIGNED on July 3, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

3